The Honorable Barry E. Krischer State Attorney Fifteenth Judicial Circuit 401 North Dixie Highway West Palm Beach, Florida 33401-4209
Dear Mr. Krischer:
You ask substantially the following question:
May a charter county enact an ordinance limiting the sanction for violation of county ordinances to civil penalties?
In sum:
A county choosing to enforce its codes or ordinances pursuant to section 162.21, Florida Statutes, is required to make a violation of its codes or ordinances a civil infraction with a civil penalty. This does not, however, preclude a county from enforcing its codes or ordinances individually such that violation of some may be a civil infraction, while violation of others may be a misdemeanor.
You state that the Palm Beach County Criminal Justice Commission has been assigned the task of reviewing all county ordinances that provide for criminal sanctions and to evaluate such ordinances to determine whether civil penalties would be more appropriate. There is concern, however, that the requirement in section 125.69(1), Florida Statutes, that violations of county ordinances be prosecuted in the same manner as misdemeanors are prosecuted, precludes the county from limiting the sanction to a civil penalty.
Section 125.69(1), Florida Statutes, provides:
Violations of county ordinances shall be prosecuted in the same manner as misdemeanors are prosecuted. Such violations shall be prosecuted in the name of the state in a court having jurisdiction of misdemeanors by the prosecuting attorney thereof and upon conviction shall be punished by a fine not to exceed $500 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment.
In Attorney General Opinion 71-233 (1971), this office concluded that the provision in section 125.69, Florida Statutes (1971), making county code violations misdemeanors that must be prosecuted in the name of the state and punishable by a fine and imprisonment precluded a county from providing by ordinance for a penalty other than that provided by general law. Subsequent to the rendition of that opinion, the statute was amended to reflect the present language directing that code violations be prosecuted in the same manner as misdemeanors.[1] Thus, while the prosecution of code violations may be carried out in the same manner as the prosecution of a misdemeanor, the Legislature no longer characterizes such a violation as a misdemeanor.
In 1989, section 125.69(2), Florida Statutes, was added to allow the board of county commissioners of each county to designate its agents or employees as code inspectors whose duty it is to assure compliance with the county's code.[2] In the same legislative act, Part II, Chapter 162, Florida Statutes, was created to provide supplemental procedures for the enforcement of county or municipal codes or ordinances and penalties for the violation thereof.[3] Pursuant to section 162.21, Florida Statutes, a county may designate employees or agents as code enforcement officers with the duty to enforce its codes and ordinances.[4] The statute specifically states:
(5) A county or a municipality is authorized to enforce codes and ordinances under the provisions of this section and may enact an ordinance establishing procedures for the implementation of such provisions, including a schedule of violations and penalties to be assessed by code enforcement officers. If a county or municipality chooses to enforce codes or ordinances under the provisions of this section, each code or ordinance or the ordinance enacted by the county or municipality establishing procedures for implementation of this section shall provide: (a) That a violation of a code or an ordinance is a civil infraction. (b) A maximum civil penalty not to exceed $500. (c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation. (d) For the issuance of a citation by a code enforcement officer who has reasonable cause to believe that a person has committed an act in violation of a code or an ordinance. (e) For the contesting of a citation in county court. (f) Such procedures and provisions as are necessary to provide for the enforcement of a code or an ordinance under the provisions of this section.[5] (e.s.)
Thus, the Legislature has specifically authorized counties to enforce their codes or ordinances individually or as a whole pursuant to the provisions in section 162.21, Florida Statutes, but requires that the county make a violation of a code or ordinance enforced under the statute a civil infraction.[6] Where the Legislature has directed how a thing is to be done, in effect it operates as a prohibition against its being done in any other manner.[7] Accordingly, a county choosing to enforce its codes or ordinances, either individually or as a whole, pursuant to section162.21, Florida Statutes, is required to make a violation of such codes or ordinances a civil infraction with civil penalties.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 1, Ch. 79-379, Laws of Florida.
[2] See, section 12, Ch. 89-268, Laws of Florida.
[3] See, section 11, Ch. 89-268, Laws of Florida.
[4] Section 162.21(2), Fla. Stat. (1994 Supp.).
[5] Section 162.21(5), Fla. Stat. (1994 Supp.).
[6] See, s. 162.21(8), Fla. Stat. (1994 Supp.), stating that "[t]he provisions of this section are additional and supplemental means of enforcing county or municipal codes or ordinances and may be used for the enforcement of any code or ordinance, or for the enforcement of all codes and ordinances."
[7] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976) (legislative directive as to how a thing is to be done is, in effect, a prohibition against its being done in another manner).
[8] Cf., Op. Att'y Gen. Fla. 88-48 (1988) (county may provide only civil penalties for the violation of an animal control or cruelty ordinance enacted pursuant to s. 828.27, Fla. Stat., requiring that such ordinances enacted pursuant to that section make the violation of an animal control or cruelty ordinance a civil infraction and prescribe civil penalties).